Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7975 | **DATE** | 12/2/2011 |
| **CASE TITLE** | Wanda Butler vs. Social Security Administration | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions for leave to proceed in forma pauperis [4] and for appointment of counsel [5] are granted. The Court further instructs the Clerk of Court to rename the defendant as Michael J. Astrue, the Commissioner of the Social Security Administration, who is the only proper defendant in an action pursuant to 42 U.S.C. § 405(g).

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff Wanda Butler ("Butler") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Butler to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Butler need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See id.* According to her financial affidavit, Butler is currently unemployed but was employed September 1988 to March 2005, earning $6.50 per hour. She receives $200 per month from the Department of Human Services. Butler does not own any real estate, personal property, financial instruments or savings. Based on these facts, Butler's financial affidavit sets forth her inability to pay the mandated court fees.

Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

An individual may challenge a review by the Appeals Council of the U.S. Social Security Administration by bringing a civil action in a federal district court with sixty days of the adverse determination. *See* 42 U.S.C. § 405(g); *accord Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). In challenging the review, a lawsuit will be considered frivolous if the petitioner "can make no rational argument in law or fact to support [her] claims for relief." *Greathouse v. Comm'r of Soc. Sec.*, 2000 WL 1847613 (N.D. Ill. Dec. 14, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)).

| STATEMENT |
|---|

    In the present case, Butler was denied social security income on an administrative appeal, which she now challenges in this Court. Butler received the Final Agency Decision on July 21, 2011, and received on October 11, 2011, an extension from the Appeals Council to file her civil action by 30 days from the receipt of the extension letter. (Doc. 1, p. 3). Her Complaint is therefore timely filed with this Court. Butler alleges that her two physicians both diagnosed her with impairments of the spine and lower extremities, and that it would not be medically recommended for her to sit, stand or walk continuously in a work setting. It is unclear whether Butler is stating her own self-assessment, or her physician's recommendations, when she states in her Complaint that she "can only perform each activity for 0-1 hours in a normal competitive five day a week work environment on a sustained basis" and that she should "never perform activities that involve pulling, kneeling, stooping or lifting or carrying items over 20" pounds. (Doc. 1, ¶8). Butler states that the Social Security Administration of Illinois failed to provide her with Disability Income despite having been provided with adequate evidence of disability and her medical records. Consequently, the Court finds that Butler has adequately stated facts which, if true, plausibly entitle her to relief. *See Iqbal*, 129 S.Ct. at 1949. The Court finds that Butler's claim, as alleged, is not frivolous and that he is unable to pay the fees and costs associated with filing a claim in federal court.

    Butler has also filed a Motion for Appointment of Counsel. This Court is authorized to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although this decision is discretionary, the Seventh Circuit has directed the district court to follow a two-step approach, asking "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [her]self?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). "The first step in this analysis . . . is a threshold question the district court must ask before ruling on a § 1915(e)(1) motion." *Id.* at 655. If the plaintiff has not made reasonable efforts to obtain counsel on her own, the court must "deny [the motion] out of hand." *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) (citing Jackson v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir. 1992)). Butler states in her motion that she sought representation from Binder & Binder, and that both Binder & Binder and the Law Offices of Barry Schultz both refused to represent her in Federal Court. Consequently the Court finds that Butler has made reasonable efforts to obtain counsel on her own and grants her Motion for Appointment of Counsel.

    The Court further instructs the Clerk of Court to rename the defendant as Michael J. Astrue, the Commissioner of the Social Security Administration, who is the only proper defendant in an action pursuant to 42 U.S.C. § 405(g).